In the Matter of THE NEWSPAPER P. M., INC., et al., Appellants. EDWARD CORSI, as Industrial Commissioner of the State of New York, Respondent.

Third Department, December 29, 1948.

*Paul, Weiss, Wharton & Garrison*, attorneys (*Samuel J. Silverman* and *Samuel W. Weiss* of counsel), for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General* and *Francis R. Curran, Assistant Attorney-General*, of counsel), for respondent.

BREWSTER, J. The decision under appeal reversed a referee's decision which overruled respondents' amended initial determination which held that the appellant, the Newspaper P.M., Inc., was not entitled to " contribution rate credits " for the year 1945 upon the ground that it was not a " qualified employer " within the meaning of the statute, it not having filed reports and paid contributions " in each of the thirteen consecutive calendar quarters immediately preceding " January 1, 1945. (Labor Law, § 577, subd. 1, par. [d]; L. 1945, ch. 646; now § 577, subd. 1, par. [c].)

The business or enterprise wherein employment gave rise to the tax for which credit is sought was the publication of a daily newspaper known as " *P.M.*" The successive ownership and employer status thereof during the aforesaid calendar quarters was as follows: Marshall Field, Sr., to July 10, 1942; Field Pub-

lications, a copartnership, to December 29, 1944; and since then the appellant, the newspaper P.M. Inc. The statute aforesaid provides in part: " If an employer has acquired all or substantially all the assets of another employer and such other employer has discontinued operations upon such acquisition, the period of liability of both employers during such period shall be jointly considered for all purposes of this section ". Thereunder, the latter appellant becomes a qualified employer entitled to the credit it seeks if, in law and fact, Marshall Field, Sr., an individual, " discontinued operations " in New York State when in 1942, he disposed of substantially all the assets of the business having to do with the publication of the newspaper, *P.M.* While the wording of the statute expresses the situation of but one disposition and acquisition it seems clear that it was intended to cover a succession thereof when the other requirement of the transferer's discontinuance of operations is met.

Prior to 1947, the requirements for qualification for the credit made no provision for and did not include an employer's discontinuance of operations upon his disposal and another's consequent acquisition of a severable part of his business activities or enterprises. That the equity and fairness of so doing was recently recognized and provided for (L. 1947, ch. 781; Labor Law, § 577, subd. 6; now § 577, subd. 7; L. 1948, chs. 273, 602), does not permit us to make that measure retroactive. To uphold appellant's contention we would, in effect, be doing that. The liberal construction contended for would render the legislative grant of a new right superfluous. The remedial nature of a new right bestowed affords it no retroactive reach. (*Jacobus* v. *Colgate,* 217 N. Y. 235.)

When Mr. Field disposed of his *P.M.* newspaper business to the Field Publications, he continued in the newspaper business of publishing the " *Chicago Sun* " and in connection therewith continued, in New York City, the maintenance of a news-gathering and transmitting organization or agency wherein he continued to file reports and pay contributions due to the unemployment insurance fund. In addition he maintained another office in New York City for the conduct of his private affairs wherein he employed four persons, and a home on Park Avenue and another on Long Island in which menages he continued to employ four or more servants, upon all of which employments he continued to discharge his liability for unemployment insurance payments. All this amply shows that neither in law or fact did he discontinue operations within the meaning of the applicable statute when, in 1942, he disposed of the newspaper *P.M.*

None of the appellants except the Newspaper P. M., Inc., are parties in interest in the instant matter. The appeal should be dismissed as to Marshall Field, Sr., and Marshall Field and Marshall Field, Jr., doing business as Field Publications, without costs, and the decision appealed from affirmed, with costs to respondent.

HEFFERNAN, FOSTER and RUSSELL, JJ., concur; HILL, P. J., dissents.

Appeal by Marshall Field, Sr., and Marshall Field and Marshall Field, Jr., doing business as Field Publications, dismissed, without costs, and the decision of the Unemployment Insurance Appeal Board affirmed, with costs and taxable disbursements to respondent.