Brewster, J.
The controversy which has made for this appeal is as to whether a $281.97 “ contribution rate credit ”, under the Unemployment Insurance Law, belongs to the employer appellant or to another to whom it sold a grocery store in 1946.
The appeal is from a decision of the appeal board which affirmed a referee’s decision sustaining the commissioner’s initial determination that appellant, a business corporation, lost the credit when it sold, and because it sold, its grocery store at 786 Flatbush Avenue, Brooklyn, on June 17, 1946, to one Stern. The credit, the right to which appellant, as a qualified employer, had theretofore established, has been awarded to the purchaser Stern. This, on the premise that upon such sale the purchaser “ acquired all or substantially all the assets ” of the appellant and that thereupon the appellant “ discontinued operations ” within the intent and meaning of the then statute. (Unemployment Insurance Law, § 577, subd. 1, par. [c]; [Labor Law;, art. 18] ; L. 1946, ch. 696.)
Appellant was in the business, principally, of acquiring and operating retail grocery stores and, as incident thereto, of selling out the stores as operating units and acquiring others. It had a considerable record in this incidental activity prior to the sale to Stern. At the time of the sale to Stern, that was then the only store it owned or operated, and, with the exception of an interest which it retained in the lease which covered the store premises, appellant transferred to the purchaser all its operating assets directly connected with and which in reality comprised that particular store. The seller did not otherwise liquidate. It continued as a corporate entity, retaining its prior cash assets of $10,000 and in addition the $30,000 proceeds of the sale to Stern. From then on it may not be said to have discontinued all operations because the undisputed evidence discloses that through its officers it actively searched about for the purchase of other stores, continued to pay its officers their prior weekly salaries, to report and pay and to offer and attempt to pay unemployment insurance taxes thereon. It also continued to collect payments on account of and to manage its interest in the leasehold which covered the store it had sold. Its search for new business in Brooklyn was successful. In February, 1947, *238 it acquired and operated a grocery store at 401 Bemsen Street which it sold the following July. In March, 1947, it acquired another at 509 Ditmas Avenue, and in December following still another at 48 Sutter Avenue, both of which it was operating at the time of the hearing and, from the acquisitions thereof, concededly as qualified employers under the statute.
In Matter of Federal Tel. & Radio Corp. [Corsi] (275 App. Div. 191,193) we recently held that a transfer of the credit was not authorized unless the qualified employer had not only disposed of substantially all its assets to the transferee but in addition “ had ceased all business operations.” Bespondent argues that the statutory prescription as to the acquisition of “ all or substantially all the assets of another employer ” is fulfilled by the buyer’s acquisition of all the physical operating assets comprised within the principal although a particular part or phase of the seller’s business activity. This seems counter to our holding in the P.M. case. (See Matter of Newspaper P.M. [Corsi], 274 App. Div. 569, affd. 299 N. Y. 702.)
In the instant matter the corporate seller, after its sale to Stern, continued to exist and act. It kept its cash assets intact; retained and managed an interest in the lease on the building where the store it sold was located; continued the salaries of its officers; maintained its status as a qualified employer while it searched about and negotiated for other locations for its principal business activity, and, within the ensuing year, purchased three, sold one and continued the operation of the remaining two groceries. The determination that in June, 1946, appellant disposed to and that Stern acquired “ substantially all its assets ” and that it thereupon “ discontinued operations ” within the intent and reach of the statute, has no warrant in the record nor any reasonable basis in law, and the decision appealed from should be reversed.
The decision should be reversed, with costs to appellant and the matter remitted to the Industrial Commissioner for his determination consistent with the opinion of this court.
Foster, P. J., Heeeernaw, Deyo and Santry, JJ., concur.
Decision reversed, on the law, with costs to appellant and the matter remitted to the Industrial Commissioner for his determination consistent with the opinion of this court. This court affirms the findings of fact as made by the Unemployment Insurance Appeal Board.